FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 05, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARLOS ALVAREZ BENITEZ, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign insurance company,<br><br>  Defendant. | No. 4:21-CV-05094-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |

Before the Court is Plaintiff's Motion to Remand to State Court, ECF No. 6. The motion was considered without oral argument. Plaintiff is represented by Edwardo Morfin. Defendant is represented by Eric Neal, Thomas Lether, and Nicholas Laboda.

Prior to filing this action, Plaintiff sent a settlement demand to Defendant asserting that he suffered damages "well in excess of $150,000"; now, Plaintiff asserts that the amount in controversy is below $75,000, and the Court lacks subject matter jurisdiction. To contrast, Defendant claims that the jurisdictional amount in controversy is plainly met from the numerous causes of action asserted, relief sought, and pre-suit correspondence.

Having reviewed the record and the parties' briefing, the Court is fully informed. Because the amount in controversy exceeds $75,000, the Court finds that it has subject matter jurisdiction and **denies** Plaintiff's Motion to Remand to State Court.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT \* 1**

# I. Background

## A. Facts[1]

On March 5, 2020 in Pasco, Washington, Plaintiff Carlos Alvarez Benitez was struck from behind in a motor vehicle collision. The other driver was cited for following too closely. Plaintiff suffered injuries and damages from the collision. At the time of the accident, Plaintiff was covered by an insurance policy with Defendant Progressive Direct Insurance Company, which included coverage for incidents involving an underinsured motorist ("UIM"). Plaintiff's UIM policy had a maximum limit of $25,000 per person and $50,000 per occurrence.

The negligent driver's insurance company covered Plaintiff's damages up to $50,000, but Plaintiff asserts that this amount is less than the total of his damages. Plaintiff filed a claim with Defendant pursuant to the UIM policy. Plaintiff contends that Defendant refused to pay what he is entitled under the policy; Defendant asserts that it disagreed with Plaintiff's evaluation of his claim, but did not expressly deny coverage.

## B. Procedural History

On May 14, 2021, Plaintiff filed this action in Franklin County Superior Court, alleging causes of action for (1) underinsured motorist benefits; (2) breach of contract; (3) common law tort of bad faith; (4) violation of the Washington Insurance Fair Conduct Act ("IFCA"), and (5) violation of the Washington Consumer Protection Act ("CPA") related to his UIM policy with Defendant. ECF No. 1-2 at 4-7. In the operative Complaint, Plaintiff's prayer for relief includes:

(1) Judgment for money damages to be proven at time of trial;

(2) Judgment for attorney's fees, costs, and disbursements in this suit;

---

[1] The following facts are articulated from Plaintiff's Motion to Remand, ECF No. 6, Defendant's Response, ECF No. 10, and Plaintiff's Complaint, ECF No. 1-2.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT \* 2**

(3) Judgment for attorney's fees and costs under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991);

(4) Judgment for reasonable attorney's fees and costs under Wash. Rev. Code § 48.30.015(1), (3) (IFCA);

(5) Judgment for treble damages under Wash. Rev. Code § 48.30.015(2) (IFCA);

(6) Judgment for reasonable attorney's fees and costs under Wash. Rev. Code § 19.86.090 (CPA);

(7) Judgment for treble damages up to $25,000 under Wash. Rev. Code § 19.86.090 (CPA); and

(8) Such other relief as the court may deem just and proper.

*Id.* at 7.

Defendant filed a Notice of Removal of Civil Action under 28 U.S.C. § 1441(a) on June 21, 2021. ECF No. 1. Plaintiff filed the present Motion to Remand to State Court on July 13, 2021, requesting the case be remanded to the Franklin County Superior Court for lack of subject matter jurisdiction. ECF No. 6.

### III.  Legal Standard

A defendant may remove a case to federal court if the court would have original jurisdiction over one or more of plaintiff's claims. 28 U.S.C. § 1441(a), (b). Federal courts have jurisdiction over cases where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *Id.* § 1332(a). The removing party bears the burden of establishing that the amount in controversy exceeds the required jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). Instead, evidence establishing the amount in controversy is required by 28 U.S.C. § 1446(c)(2)(B) when the plaintiff contests, or the court questions, the defendant's allegation regarding the amount. *Dart Cherokee*

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT \* 3**

*Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The Court must find by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* § 1446(c)(2)(A), (B).

When the amount in controversy is not clear from the face of the complaint, courts may consider other "summary judgment–type" evidence to determine whether the amount reaches the jurisdictional minimum. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006). Relevant evidence includes settlement letters that "appear[ ] to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Further, the amount in controversy calculation should include all sums to be paid by the defendant. *Guglielmino*, 506 F.3d at 701. The Court should include general and specific damages in its calculation, such as attorney's fees and punitive damages. *Id.*; *Kroske*, 432 F.3d at 980; *Fritsch v. Swift Transp. Co. of Ariz, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[W]hen we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Accordingly, the amount in controversy includes statutorily authorized fees and treble damages. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000). If the Court finds that a case has been properly removed from state court under this standard, the court must generally entertain all claims over which it has original subject matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

In *Trepanier v. Progressive Direct Ins. Co.*, No. C12-0987-JCC, 2012 WL 12882865 (W.D. Wash. Sept. 19, 2012), the U.S. District Court for the Western District of Washington performed a strikingly similar analysis to the one necessitated by the present motion. In that case—by coincidence involving the same defendant—the district court denied the plaintiff's motion to remand to state court, reasoning that plaintiff's claim for treble damages and a pre-suit demand letter

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT * 4**

indicated, by a preponderance of the evidence, that the amount in controversy exceeded $75,000. *Id.* at *2. In *Trepanier*, the plaintiff had asserted special damages in a pre-suit settlement letter in the amount of $26,048. *Id.* at *1. The plaintiff alleged violations of the IFCA and CPA, among other claims, and sought treble damages and attorney's fees. *Id.* The district court found that the pre-suit demand was a reasonable estimate of alleged damages because of the detailed description of medical services provided. *Id.* at *2. Since Plaintiff sought treble damages under the IFCA, the district court found that the amount in controversy was no less than $78,144 ($25,048 x 3), without even considering general damages, attorney's fees, or punitive damages. *Id.*

### IV. Discussion

Prior to filing this action, Plaintiff submitted a settlement demand to Defendant asserting that Plaintiff had suffered damages "well in excess of $150,000." ECF No. 10 at 2. Plaintiff articulated that he suffered $36,770.95 in medical special damages and provided a detailed breakdown of the costs and procedures performed. ECF No. 12-1 at 1–6. At that juncture, to settle the claim, Plaintiff's counsel proposed a settlement for the maximum coverage of the UIM policy—that is, $25,000. *Id.*

In his Complaint, Plaintiff seeks treble damages and attorney's fees under the IFCA, among other causes of action and prayers for relief. Plaintiff's request for treble damages under Wash. Rev. Code § 48.30.015(2) and attorney's fees under § 48.30.015(3) are considered in determining the amount in controversy. *See Fritsch*, 899 F.3d at 794. The maximum UIM policy limit of $25,000, multiplied by three pursuant to the request for treble damages under IFCA, totals $75,000.[2] Since

---

[2] Although the provision for treble damages under the IFCA is discretionary, it would be unreasonable to require Defendant to show that treble damages are more

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT * 5**

the Court also considers requests for attorney's fees in ascertaining the amount in controversy, an award of just one cent would place the amount in controversy above the jurisdictional threshold. *See Kroske*, 432 F.3d at 980. Plaintiff's additional claims include treble damages and attorney's fees under the CPA. Therefore, the jurisdictional threshold is met.

While Plaintiff argues that he is seeking coverage *up to* the UIM policy limit, his Complaint nonetheless places the maximum amount of the UIM policy in controversy. Further, the summary judgment-type evidence submitted by Defendant is persuasive in establishing that the amount in controversy plainly exceeds $75,000. Given the pre-suit demand letter specifying Plaintiff's special medical damages, Defendant has demonstrated that the amount in controversy, more likely than not, exceeds $75,000. The pre-suit settlement letter is a reasonable assessment of the medical damages in this case, as Plaintiff submitted a lengthy description of his medical services and physical ailments to support the estimation. Provided that the amount in controversy exceeds $75,000 by a preponderance of the evidence, there is no legal requirement that Defendant pencil out an exact damage figure.

### V.    Conclusion

Having weighed the evidence presented, the Court denies the motion to remand to state court. Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. The amount in controversy is evident from a facial review of the complaint and the pre-suit correspondence, which includes a breakdown of Plaintiff's medical services and reflects a reasonable estimate of Plaintiff's claim. Consequently, the Court finds that it has subject matter jurisdiction over this action.

//

---

likely than not to be awarded—that would essentially force Defendant to argue the merits against itself. *Trepanier*, 2012 WL 12882865, at *2.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT * 6**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand to State Court, ECF No. 6, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 5th day of October 2021.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT \* 7**